## TOM HAWTHORN v. STATE.

No. A-2670.   Opinion Filed April 16, 1917.

(164 Pac. 134.)

**OBSTRUCTING JUSTICE—Information—Demurrer.** An information in a criminal case should plead sufficient facts to constitute an offense against the laws of the state, and when such facts are not pleaded and a demurrer is seasonably filed, the same should be sustained by the trial court.

*Appeal from County Court, Love County;*
*J. H. Hays, Judge.*

Tom Hawthorn was convicted of resisting an officer, and he appeals. Reversed.

*T. B. Wilkins,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. The plaintiff in error, Tom Hawthorn, was convicted at the January, 1916, term of the county court of Love county, of interfering with an officer in the discharge of his official duties, and his punishment fixed at a fine of $100 and imprisonment in the county jail for a period of 30 days.

The information, after alleging venue and time, is as follows:

"That in the county and state aforesaid and on the day and year aforesaid the said Tom Hawthorn did unlawfully, willfully, and purposely interfere with W. H. McGaugh, a deputy sheriff then and there engaged in the execution of a legal search warrant upon the premises located on Main street in the city of Marietta, and known as the Rock Hotel, by then and there advising the person in charge of said premises not to permit said officer to seize certain intoxicating liquor there found, and for the seizure of which said search warrant was issued, contrary to," etc.

A demurrer was filed to the information on the ground, among others, that it failed to state facts sufficient to constitute an offense against the laws of this state. It will be noted that the information charges Tom Hawthorn with interfering with the execution of a search warrant, by advising the proprietor of the hotel to refuse to permit the seizure of certain intoxicating liquor there found. There are no acts or conduct set out in the information further than this general statement.

The proof shows that the controversy out of which this trouble arose occurred at a hotel where Tom Hawthorn was rooming; that a search warrant was being executed against the hotel; that four pints of whiskey were found in the hotel; that at the time the search warrant was being executed Hawthorn was present and said to the proprietor of the hotel: "I wouldn't let them have it; the law allows you a gallon of whiskey." Hawthorn apparently had been drinking. The remark referred to was made concerning the deputy sheriff, Culwell. There is no proof tending to indicate that the person addressed heard the statement, or, if he did hear it, that he paid any attention to it. There was no resistance offered to the search.

The statute under which the prosecution was brought reads as follows (Rev. Laws 1910, sec. 2150):

"Any person who attempts, by means of any threat or violence, to deter or prevent any executive officer from performing any duty imposed upon such officer by law, is guilty of a misdemeanor."

The foregoing information does not charge that the officers were interfered with by any threats or violence. It simply charges that plaintiff in error advised the owner of the hotel not to permit officers to seize four pints of whiskey.

There is nothing disclosed by the record which indicates that any force or violence was offered or intended by any of the remarks made.

The information fails to state an offense and the facts disclosed fail to prove any. The demurrer should have been sustained.

For the reasons stated, the judgment is reversed.

DOYLE, P. J., and BRETT, J., concur.