Robert KINKADE, Plaintiff in Error,

v.

The CITY OF TULSA, Defendant In Error.

No. A–12412.

Criminal Court of Appeals of Oklahoma.

April 17, 1957.

George P. Striplin, George E. Reeves, Tulsa, for plaintiff in error.

D. L. Brown, City Atty., Tulsa, for defendant in error.

BRETT, Presiding Judge.

This is an appeal by Robert Kinkade, plaintiff in error, defendant below, from a conviction against him rendered in the Municipal Court of the City of Tulsa, Oklahoma, on a charge of interfering with an officer. The case was tried by the Municipal Judge who found the defendant guilty and fixed his punishment at a fine of $16 and $4 costs. Judgment and sentence were

entered accordingly from which this appeal has been perfected.

██ This case is the aftermath of an arrest made by the officer of the defendant's wife for an alleged misdemeanor, admittedly not committed in the officer's presence. A man by the name of Cook complained to Officer Clark that he gave the defendant's wife a $5 bill and had been short changed while in a cafe operated by Mrs. Kinkade. The record conclusively shows that the offense, if committed, was outside the officer's presence. In making the arrest, the officer was wholly without authority so to do and by so conducting himself, he was a trespasser. Collegenia v. State, 9 Okl.Cr. 425, 132 P. 375. When the unlawful arrest of the defendant's wife was effected, he advised her, without any threats or resort to violence, that the officer had no warrant and was without authority to arrest her for the alleged offense.

██ After the policeman took the defendant's wife to the police station and she had made restitution to the complainant, the officer and another policeman returned to the cafe and proceeded to arrest the defendant on the combined charge of interfering with an officer and resisting arrest. In effecting the arrest, the use of force was resorted to, which, under the circumstances, we believe was unwarranted. It appears to have been the result of after thought and has the appearance of a trumped-up charge for the purpose of throwing police authority around. If such were not the case, the officer should have arrested the defendant on the spot, and we believe would have done so if the charge was sincerely grounded. But, this was not done. This Court is always ready to uphold the officer of the law, when he acts within the law. A long line of cases since statehood corroborates our statement. But, this Court will not uphold an officer acting as a law violator. However, it is not necessary to determine the case on the merits of the arrest and facts incident thereto. It must fail for the reason that no copy of the city ordinance involved was introduced into evidence. In Johnson v. City of Tulsa, 97 Okl.Cr. 85, 258 P.2d 695, at page 701, it is said:

"It is our conclusion that in an appeal to this court where a consideration of a municipal ordinance is necessary for a solution of the case, that such ordinance must have been reflected in the record presented, either by the introduction in evidence in the trial court of a certified copy thereof as provided by statute, or set forth verbatim by the municipal court or court trying the case de novo, in its findings, or the provisions agreed to by the parties as to wording and the stipulation entered in the record at trial. Accordingly, herein the municipality failed by its proof to make out a case."

██ Furthermore, the record cannot be sustained on the provisions of 21 O.S. 1951 § 267, which reads as follows:

"Every person who attempts, by means of any threat or violence, to deter or prevent any executive officer from performing any duty imposed upon such officer by law, is guilty of a misdemeanor."

In this case, there is neither pleading nor proof of threats or violence on the part of the defendant, and for this additional reason, the prosecution must fail. Hawthorn v. State, 13 Okl.Cr. 289, 164 P. 134. Therein it was said:

"An information in a criminal case should plead sufficient facts to constitute an offense against the laws of the state, and when such facts are not pleaded and a demurrer is seasonably filed, the same should be sustained by the trial court.

\* \* \* \* \* \*

"The foregoing information does not charge that the officers were interfered with by any threats or violence. It simply charges that plaintiff in error advised the owner of the hotel not to permit officers to seize four pints of whisky."

Such is the situation herein both as to pleading and proof. The trial court erred by

reason of the foregoing in not sustaining the defendant's motion for a new trial.

The judgment is reversed with directions to dismiss the action.

POWELL and NIX, JJ., concur.