Ralph E. BYNUM, Jr., Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A—15748.

Court of Criminal Appeals of Oklahoma.

Oct. 6, 1971.

Clark Legate, of Milor & Legate, Ardmore, for plaintiff in error.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

Plaintiff in error, Ralph E. Bynum, Jr., hereinafter referred to as defendant, was convicted and sentenced to sixty (60) days in the county jail for the crime of Use of Marihuana, in the District Court of Carter County Case No. CRF–69–42. Judgment and sentence was imposed on December 9, 1969, and this appeal perfected therefrom.

This prosecution began with the filing of a complaint on March 3, 1969, in the District Court of Carter County as Case No. CRF–69–42 charging defendant with the felony offense of Use of Marihuana occurring on February 28, 1969. On March 17 the complaint was amended to change the offense from *Use* to *Possession* of Marihuana. Defendant was bound over for trial and an information charging Possession of Marihuana was filed on April 14, 1969. On November 19, 1969, defendant's motions to suppress the results of a search and defendant's statement were overruled. The case came on for trial on November 21 and at the commencement of the proceedings the judge ruled the offense charged was a misdemeanor and proceeded accordingly.

The evidence establishes that on the evening of February 28, 1969, eight Ardmore city police officers went to an apartment at 207 Second N.W., in Ardmore, and were admitted by Davlyn Strader, who resided at that address. The officers searched the apartment and seized some marihuana which was admitted in defendant's trial over objection. Although Miss Strader was alone at the time of the search, interrogation revealed the names of four boys, including defendant, who had been present earlier that day. Testimony concerning the search of the apartment, discovering the marihuana, and several pictures of the premises were admitted over objection.

Defendant was a 19 year old college student working part time and living with his father in Ardmore. On March 1, 1969, the defendant returned home from work and was told by his father that the police wanted to talk to him. It was not established how defendant's father learned this and the officers testified they had not attempted to find defendant. The defendant then went to the city police station, where upon identifying himself, he was arrested, searched, and taken into custody. No warrant of arrest was served and defendant was not told the exact charge although he learned it concerned the marihuana found in Miss Strader's apartment. Defendant was allowed to phone his father who, according to the police, directed defendant to cooperate with the police. Defendant was interrogated several times and held in jail without visitors or counsel until March 3rd, when he was taken before a magistrate after having given the police an incriminating statement. In his statement, admitted over objection, defendant admitted taking one or two drags from what he believed was a marihuana cigarette, along with several others in Miss Strader's apartment on February 28th, and that the marihuana had been brought in by Miss Strader's boyfriend, Charles Bean.

Prerequisite to reviewing the other issues presented, it is necessary to observe that the trial court properly ruled, with commencement of the trial, that defendant must be tried for use of marihuana under 63 O.S.1961, § 469. Title 63, O.S.1961, § 451, enacted in 1933, made it unlawful to

possess, cultivate, sell or use marihuana, among other unlawful acts involving marihuana. Section 452 made a violation of § 451 a felony, punishable up to seven years imprisonment. However, in 1955, the Legislature enacted § 469 of Title 63, which provides the use of marihuana is a misdemeanor with a maximum punishment of six months in jail.

■■■ Rules of construction provide that the most recent enactment of the Legislature controls and where inconsistent, the recent enactment repeals the conflicting portion of a prior enactment. Ramsey v. Leeper, 168 Okl. 43, 31 P.2d 852; Brown v. Marker, Okl., 410 P.2d 61. Therefore, the 1955 enactment removes the offense of Use of Marihuana from § 451 and after that date *Use* is a misdemeanor offense punishable under § 469.

Despite trial of defendant for a misdemeanor, the court gave the jury Instruction Number 2, which consisted of a verbatim statement of § 451 and § 469. This was improper since defendant was on trial for a violation of § 469, and it was accurate to include only that statute as an instruction. Section 451 played no part in the trial, and its inclusion was error.

The primary issue concerns the legality of the arrest. Although an officer may arrest without a warrant for a felony not committed in his presence under specific circumstances, 22 O.S.1961, § 196, there is no authority to arrest without a warrant for a misdemeanor not committed in the presence of the officer. This Court has long held that absent a lawful warrant an officer may not arrest for a misdemeanor committed outside the officer's presence, and that such an arrest is illegal. Gaines v. State, 28 Okl.Cr. 353, 230 P. 946 (1924); Yates v. State, 73 Okl.Cr. 51, 117 P.2d 811 (1941); Kinkade v. City of Tulsa, Okl. Cr., 310 P.2d 615 (1957).

As to whether defendant was arrested pursuant to a lawful warrant, we note the statutory requirements. Title 22, O.S.Supp. 1970, § 231, provides:

"In all misdemeanor cases, before a warrant shall issue for the arrest of the defendant, the complaint must be submitted to the county attorney, or drawn by him and indorsed as follows: 'I have examined the facts in this case and recommend that a warrant do issue,' and then filed with the court. If the action be brought without such indorsement the complaining witness must file with the court a bond to be approved by the court in a sum not less than fifty dollars, conditioned to pay all costs, and the county shall in no event be liable for any costs incurred in that action, unless the complaint be first so indorsed by the county attorney."

Title 11, O.S.1961, § 958.12, concerning violations of city ordinances, provides: "No warrant for arrest shall be issued until the complaint has been approved by the city attorney or the judge of the Municipal Court."

Police Chief Marchesani testified that when he arrested defendant at the police station, there was no warrant of arrest for defendant, and that all he had for defendant was a complaint. No state charge had been filed. The complaint written up and signed by Officer West on March 1st,[1] charged defendant with "investigation of possession of Marihuana" contrary to § 19–30 of City Ordinances of Ardmore, and bore the purported signature of Derril W. McGuire, Judge of the Municipal Court. Officer West testified that at the time of defendant's arrest on March 1st, no state charge had been filed against defendant in the District Court or with the District Attorney. Officer West testified he signed the complaint on the city charge on Use of Marihuana, although he did not know if there was such a charge, and that his probable cause was "investigation" of some marihuana that had been smoked in Davlyn Strader's apartment. West further testi-

---

1. It was not established whether the complaint was written up before or after defendant's arrest on March 1st.

fied he believed the complaint was signed in Judge McGuire's presence, although he did not fully recall.

However, Judge McGuire testified he did not sign or issue the complaint, nor was it issued at his direction. In fact, the signature of Judge McGuire was a rubber stamp facsimile, and the complaint with the stamped signature of the judge was taken from a supply of pre-stamped blank complaints which the officer filled out with the accused's name and offense.

■■■ Such a procedure, if not subjecting the officer to criminal liability,[2] most certainly violated the constitutional requirement that a warrant is issued by an impartial magistrate after hearing evidence or probable cause. As stated by the United States Supreme Court in Whiteley v. Warden, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971):

> "The decisions of this Court concerning Fourth Amendment probable cause requirements before a warrant for either arrest or search can issue require that the *judicial* officer issuing such a warrant be supplied with sufficient information to support an independent judgment that probable cause exists for the warrant." (emp. added)

It is evident the complaint herein cannot be considered a lawful warrant for arrest since it was not signed by the city attorney or judge of the municipal court, required by 11 O.S.1961, § 958.12 or the district attorney or judge of the district court required by 22 O.S.Supp.1970, § 231. Furthermore, use of a facsimile stamp signature without the express direction and consent of the judge after hearing evidence or probable cause, renders the instrument null and void. Thus, the arrest was without lawful warrant for a misdemeanor not committed in the officer's presence, and was therefore illegal.

■■■ As to the effect of the illegal arrest it is a familiar rule that the illegal arrest of a defendant does not per se defeat the jurisdiction of the court to try the defendant. Notwithstanding this rule as to jurisdiction, the fruits of an illegal arrest may not be admitted into evidence and form the evidence upon which a conviction is based. A defendant's conviction may not be based on the exploitation of the illegal action of the State.

It is a fundamental principle of federal constitutional law that evidence obtained by illegal conduct of the police may not be used to convict a defendant as it is the "fruit of the poisonous tree." Silverthorne Lumber Company v. United States, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319 (1920); Nardone v. United States, 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307 (1939).

In Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), the police made an unlawful entry and arrest of Toy, who informed the agents Yee had been selling narcotics. The police then went to Yee who surrendered narcotics. The Supreme Court concluded that Toy's statement was the "fruit" of unlawful police action as was the narcotics surrendered by Yee, and therefore, both the statement and narcotics must be excluded. The Court stated:

> " * * * verbal evidence which derives so immediately from an unlawful entry and an unauthorized arrest as the officers' action in the present case is no less the 'fruits' of official illegality than the more common tangible fruits of the unwarranted intrusion. * * *
>
> [I]t is unreasonable to infer that Toy's response was sufficiently an act of free will to purge the primary taint of the unlawful invasion." 371 U.S. at 485–486, 83 S.Ct. at 416.

In regard to the narcotics obtained as a result of Toy's statement, the Court held:

> " * * * the more apt question in such a case is 'whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality

**2.** See, 21 O.S.1961, § 535; and, 21 O.S.1961, § 587.

or instead by means sufficiently distinguishable to be purged of the primary taint.' * * * We think it clear that the narcotics were 'come at by the exploitation of that illegality' and hence that they may not be used against Toy." 371 at 488, 83 S.Ct. at 417.

Wong Sun v. United States, supra, is applicable to the states through the Fourteenth Amendment. Traub v. Connecticut, 374 U.S. 493, 83 S.Ct. 1899, 10 L.Ed. 1048 (1963).

The United States Supreme Court has held that where a confession is induced by illegally seized evidence, the confession is subject to exclusion as fruit of the poisonous tree. Fahy v. Connecticut, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963). The applicable rule was stated by the Illinois Supreme Court in People v. Landgham, 122 Ill.App.2d 9, 257 N.E.2d 484, at 489 (1970):

> "A confession taken from an accused subjected to an illegal arrest or an unreasonable search and seizure, is presumed to be the product of the illegality."

As stated in Gatlin v. United States, 117 U.S.App.D.C. 123, 326 F.2d 666, at 672 (1963):

> "[I]llegal arrest alone made the post-arrest admissions while still in custody poisonous fruit."

Even a confession which is otherwise voluntary must be excluded if it is the result of a prior inadmissible confession. The reason is the illegal action directly results in the otherwise voluntary confession and once defendant's secret is out it is futile to remain silent.[3] See, People v. Spencer, 66 Cal.2d 158, 57 Cal.Rptr. 163, 424 P.2d 715 (1967).

In Killough v. United States, 114 U.S. App.D.C. 305, 315 F.2d 241 (1962), the Court held inadmissible a voluntary confession obtained from defendant while he was held in jail which re-affirmed a day old confession which was inadmissible because it was procured in violation of the rule requiring defendant to be taken before a magistrate without unnecessary delay. The primary illegality tainted the otherwise voluntary confession.

The Court in Collins v. Beto, 348 F.2d 823 (5th Cir. 1965), held that a confession obtained as result of illegal arrest prohibits introduction of the confession in a state criminal trial. "Nor * * * would the taint be purged even if we were to hold that the confession was 'voluntary'." 348 F.2d at 828. The same rule was stated in People v. Bilderbach, 62 Cal.2d 757, 44 Cal. Rptr. 313, 401 P.2d 921 (1965):

> "Even though statements are free of 'oppressive circumstances' and otherwise voluntarily rendered, they are not exempt from attack on constitutional grounds if they are the produce of an illegal search."

In People v. Johnson, 70 Cal.2d 541, 75 Cal.Rptr. 401, 450 P.2d 865 (1969), the court held:

> "[W]arnings given * * * 'as an added safeguard to insure defendant's voluntary waiver of his constitutional rights, does not, in itself, preclude application of the Wong Sun exclusionary rule.'
>
> * * * * * *
>
> [T]he Miranda warnings given to [defendants] cannot insulate from the unlawful search the confessions secured." 75 Cal.Rptr. at 408, 450 P.2d at 872.

In the instant case, defendant's arrest was clearly illegal. Furthermore, he was not immediately taken before a magistrate for admission to bail as required by statute, 22 O.S.1961, § 177. The defendant must, in all cases, be taken before the magistrate without unnecessary delay. 22 O.S. 1961, § 181. No reason for the delay is offered. Thus, the defendant was arrested illegally and held in custody illegally during which time he gave, without benefit of

---

3. Obviously, the purpose of the exclusionary rule—to deter unlawful police conduct—is as applicable to a defendant's second confession as much as to his first, where the first was obtained as a result of an unlawful search and the second induced by the first. People v. Spencer, 57 Cal. Rptr. 163, 424 P.2d 715.

counsel, an incriminating statement which was the direct result of and "come at by the exploitation of that illegality." Accordingly, the statement is inadmissible. Whether defendant was given the full Miranda warnings does not insulate the illegal custody from the statement secured thereby.

■ This is not to say that all illegal arrests render inadmissible all confessions obtained subsequently. If a confession has been purged of the primary illegality by time and other circumstances it may be admitted. See *Wong Sun, supra,* 371 U.S. at 491, 83 S.Ct. 407, 9 L.Ed.2d 441. If this defendant had been released on bail and subsequently gave a voluntary statement with benefit of counsel, the statement would be the result of an independent source and would have "become so attenuated as to dissipate the taint" of the illegal arrest, and would be admissible. See Nardone v. United States, 308 U.S. 338, 341, 60 S.Ct. 266, 268, 84 L.Ed. 307 (1939). Regrettably, those are not the facts.

The rule that evidence obtained illegally must be excluded is premised on the concept that all are equally bound by the law, including public officials. As observed in Mapp v. Ohio, 367 U.S. 643, 659, 81 S.Ct. 1684, 1694, 6 L.Ed.2d 1081 (1961), which applied the exclusionary rule to the states:

"Nothing can destroy a government more quickly than its failure to observe its own laws, or worse, its disregard of the charter of its own existence. * * * 'If the government becomes a lawbreaker, it breeds contempt for law; it invites every man to become a law unto himself; it invites anarchy.' "

■ There is one further assignment of error requiring comment in the event the state should elect to re-try defendant on remand of this conviction. Defendant contends that the search of Davlyn Strader's apartment on February 28, 1969, was illegal and the marihuana seized therefrom was inadmissible in defendant's trial. However, the record before us is incomplete to determine the sufficiency of the affidavit for search warrant because the trial court ruled defendant had no standing to object to the search since it was not defendant's apartment. It is not necessary to have legal title or a proprietory interest in the searched premises to attack the search. Since the state introduced evidence from the search against defendant, he was a "person aggrieved" by that search. As stated in Lindsey v. State, Okl.Cr., 488 P.2d 935:

"* * * a possessory interest in the premises searched or object seized is not the final test of standing to question the reasonableness of a search and seizure. Rather, a person has standing to challenge the legality of a search where he is the victim of the search, one against whom the search was directed."

Therefore, defendant may challenge the legality of the search, and if the search was illegal, its fruits would be inadmissible.

Reversed and remanded for disposition consistent with this opinion.

BRETT, J., concurs.

BUSSEY, Presiding Judge (concurring in results, dissenting in part):

I agree that the case must be reversed and remanded for a new trial for the reason that the trial court improperly instructed the jury. I disagree that an unlawful arrest would vitiate the admissibility of an otherwise admissible confession, and disagree with that portion of the opinion which suggests that conclusion.