CROSS, Judge
(dissenting):
I respectfully dissent.
As the facts of the case have already been adequately stated in the opinion of this court[1] and of the Supreme Court of Florida,[2] they will not be repeated here except where necessary.
The primary thrust of this appeal is whether the trial court erred in admitting statements of the accused in response to a question by the police officer when no Miranda warnings had been given and in admitting a “voluntary” confession[3] made after proper Miranda warnings had been given.
The duty to give Miranda warnings arises when custodial interrogation begins. Custodial interrogation has been defined as questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. Miranda v. Arizona, 384 U.S. 436, 444, 86 S.Ct. *88 1602, 16 L.Ed.2d 694 (1966); annot. 31 A.L.R.3d 565 (1970); 9 Fla.Jur., Criminal Law § 139 (1972).
In the case sub judice, Gustafson, while driving his car, was stopped by a police officer and requested to exhibit his driver’s license. Upon his failure to produce a driver’s license, Gustafson was searched and placed in the back seat of a police car for transportation to the police station. While Gustafson was in the police car, the police officer opened a cigarette pack which he had previously removed from Gustaf-son’s pocket. The officer observed that several of the cigarettes were handmade and made a preliminary determination that the cigarettes contained marijuana. Without first advising Gustafson of his Miranda rights, the officer asked Gustafson whether the cigarettes contained marijuana. Gus-tafson, after several denials, admitted the cigarettes contained marijuana.
At the time of Gustafson’s admission it is clear that Gustafson was in custody as he had been placed in the police car for transportation to the police station. Furthermore, he was being interrogated by the officer. He was therefore, under custodial interrogation and he should have been advised of his Miranda rights. As the officer failed to advise Gustafson of his Miranda rights, the incriminating admission that the cigarettes contained marijuana made at the “scene’’ by Gustafson is not admissible into evidence. Miranda v. Arizona, supra.
The second facet of this appeal involves the admission into evidence of statements made by Gustafson after he had been properly advised of his Miranda rights.
After Gustafson admitted that the cigarettes contained marijuana, he was immediately transported to the police station where he was placed in the custody of a detective who took Gustafson into an interrogation room. At this phase of custody the Miranda warnings were given. In less than thirty minutes, the detective obtained from Gustafson a confession and a “voluntary” waiver of his Miranda rights.
Under Miranda v. Arizona, supra, 384 U.S. at 467, 86 S.Ct. 1602, an accused must be adequately and effectively apprised of his rights, including his right against self-incrimination. Here, the defendant was adequately apprised of his rights. However, a secondary determination must be made to determine whether he was effectively apprised of his rights. This determination must be made in light of Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 44 (1963) and French v. State, 198 So.2d 668 (Fla.App.1967), as these decisions are the basis for the “fruit of the poisonous tree” doctrine in Florida.
Other courts have had occasions to determine whether a confession obtained after the Miranda warnings have been given is a product of the fruit of the poisonous tree where prior statements have been illegally obtained. These courts have held, and I believe correctly so, that “where an accused makes one confession and then testifies or upon subsequent questioning again confesses, it is presumed that the testimony or second confession is the product of the first.” People v. Johnson, 70 Cal.2d 541, 75 Cal.Rptr. 401, 404, 450 P.2d 865, 868 (1969). See also Harrison v. United States, 392 U.S. 219, 88 S.Ct. 2008, 20 L.Ed.2d 1047 (1968)[4]; Lyons v. Oklahoma, 322 U.S. 596, 64 S.Ct. 1208, 88 L.Ed. 1481 (1944); Killough v. United States, 114 U.S.App.D.C. 305, 315 F.2d 241 (1962); People v. Spencer, 66 Cal.2d 158, 57 Cal.Rptr. 163, 424 P.2d 715 (1967); People v. Brommel, 56 Cal.2d *89 629, 15 Cal.Rptr. 909, 364 P.2d 845 (1961); State v. Murphy, 154 La. 190, 97 So. 397 (1923). Therefore, if statements have been obtained in violation of Miranda, then a confession, which is a product of the prior illegally obtained statements, is the fruit of the poisonous tree, and consequently inadmissible. See French v. State, supra. See also Fisher v. Scafati, 439 F.2d 307 (1st Cir.), cert. denied 403 U.S. 939, 91 S.Ct. 2256, 29 L.Ed.2d 719 (1971) (order of district court was reinstated by Supreme Court that Fisher be discharged unless “timely retried without use of the tainted evidence”); Harney v. United States, 407 F.2d 586 (5th Cir. 1969); Killough v. United States, supra; People v. Johnson, supra; People v. Spencer, supra; McNish v. State, 45 Fla. 83, 34 So. 219 (1903); People v. Taylor, 33 Ill.2d 417, 211 N.E.2d 673 (1965); People v. Landgham, 122 Ill.App.2d 9, 257 N.E.2d 484 (1st Dist. 1970), cert. denied 402 U.S. 911, 91 S.Ct. 1389, 28 L.Ed.2d 652 (1971); Bynum v. State, 490 P.2d 531 (Okl.Cr.1971). Cf. State v. Outten, 206 So.2d 392 (Fla.1968) quashing Outten v. State, 197 So.2d 594 (Fla.App.1967).
This is not to say that the confessor is perpetually disabled from making a usable confession. United States v. Bayer, 331 U.S. 532, 67 S.Ct. 1394, 91 L.Ed. 1654 (1947). The prosecution may introduce a subsequent confession where it has met the burden of showing by clear and convincing evidence[5] a break in the causative chain.[6] However, in the absence of any such showing, the second or subsequent confession must be excluded, for a person cannot be effectively apprised of his Miranda rights where he is under psychological pressure to make another statement because of the existence of his first illegally obtained statement.
I am compelled to reach this holding[7] for any other conclusion would render the Miranda decision impotent or at least vitiated. This is so because (while not imputing lack of good faith to the police of this state who as a group deserve the commendation and respect of the people of this state) the police could interrogate suspects without first warning the suspect of his rights, and then after a confession had been obtained, the suspect could be informed of his rights and asked to repeat his confession. That he would probably do so cannot be ignored by this court, for “after an accused has once let the cat out of the bag by confessing, no matter what the inducement, he is never thereafter free of the psychological and practical disadvantages of having confessed. He can never get the cat back in the bag. The secret is out for good.” United States v. Bayer, supra at 540, 67 S.Ct. at 1398.
As Gustafson was, upon reaching the station, placed in the custody of the detective who immediately took Gustafson into the interrogation room and who obtained a confession, it is readily seen that the state has failed to overcome the presumption that the confession was a product of the statements illegally obtained. Therefore, the trial court erred when it failed to suppress the statements made while Gustaf-son was in custody at the “scene,” and also when it failed to suppress the confession made while Gustafson was interrogated by the detective at the police station.
I would therefore reverse the judgment of the trial court and remand the cause for further proceedings consistent with the views herein expressed.

. 243 So.2d 615.

. 258 So.2d 1.

.The statements made by Gustafson would have been admissible but for the failure of the officer to warn Gustafson of his Miranda rights. Thus, the statements were voluntary in the sense that they were not induced by any physical or mental (e. g., long interrogation) coercion.

. Harrison v. United States, 392 U.S. 219, 225, n. 12, 88 S.Ct. 2008, 2011, 20 L.Ed.2d 1047, cites with approval Darwin v. Connecticut, 391 U.S. 346, 351, 88 S.Ct. 1488, 1490, 20 L.Ed.2d 630 (1968), wherein Harlan, J., concurring in part, dissenting in part, stated that: “when the prosecution seeks to use a confession uttered after an earlier one not found to be voluntary, it has, in my view, the burden of proving not only that the later confession was not itself the product of improper threats or promises or coercive conditions, tut also that it was not directly produced by the existence of the earlier confession.’’ (Emphasis supplied.)

. State v. Graham, 240 So.2d 486 (Fla.App.1970).

. Wong Sun v. United States, 371 U.S. 471, 485, 488, 491, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); Collins v. Beto, 348 F.2d 823 (5th Cir. 1965).

. “To hold otherwise would be in reality to permit an accused to be tried without counsel, jury or court, alone with police at their headquarters or at jail. The public trial guaranteed by the Constitution, . . . would be hardly more than a form for validation of what had already been accomplished invalidly.” Killough v. United States, 315 F.2d at 244 (1962).