703 P.2d 192 (1985)
In re E.O., An Alleged Delinquent/Certification Child.
No. J-84-817.
Court of Criminal Appeals of Oklahoma.
July 16, 1985.
James J. Hodgens, James & Gilmore, P.C., Stroud, for appellant.
William D. Simpson, Asst. Dist. Atty., Chandler, for appellee.

OPINION
BRETT, Judge:
Juvenile appellant E.O. was certified to stand trial as an adult for two counts of Burglary of a Vending Machine, in violation of 21 O.S. 1981, § 1435, and one count of Attempted Burglary, in violation of 21 O.S. 1981, §§ 42 and 1435. On appeal, we reverse.
The charges arose from separate allegations that E.O. twice played a video game without paying by manually tripping the machine and that he attempted to burgle a house under construction. Despite unanimous recommendations that the appellant remain in the juvenile system, the trial judge certified appellant as an adult, finding the offenses serious, E.O. of sufficient maturity and sophistication to understand the consequences of his acts, inadequate safeguards to protect the public, and E.O. unamenable to rehabilitation, considering the past failure to treat him in the juvenile system.
*193 In order to certify a juvenile to stand trial as an adult, the juvenile judge must make two ultimate findings: First, that there is prosecutive merit to the complaint, that is, a finding that a crime has been committed and that there is probable cause to believe the accused juvenile committed it; and second, that the juvenile is not a fit subject for rehabilitation by the facilities and programs available to the juvenile court. J.T.P. v. State, 544 P.2d 1270 (Okl.Cr. 1975). The appellant herein challenges only the second finding, that is, that the juvenile is not amenable to rehabilitation.
The finding that a child is unfit for rehabilitation is a discretionary decision to be made by the judge, but the decision must be based on substantial evidence against the child's claim to the benefit of juvenile treatment. Terrell v. State, 551 P.2d 1143 (Okl.Cr. 1976).
Title 10 O.S. 1981, § 1112(b) sets forth six factors the trial judge must consider when determining the prospects for reasonable rehabilitation of the child. The evidence presented in regard to these factors showed that the crimes involved, while willfully committed, were relatively minor property crimes; that the sixteen-year-old appellant was functioning socially, emotionally and intellectually like a ten-year-old; that his functional level was in the mentally-handicapped range; that the appellant had been in and out of the custody of the Department of Human Services (DHS) since 1979; and that while no guarantees could be given that the appellant would not continue to commit offenses, none had been committed since DHS had been given custody of E.O. again.
Jamie Sudheimer, a social worker employed with DHS who supervised E.O., testified that in her opinion, E.O. could best be dealt with in the juvenile system under the supervision of DHS. J.D. Cargill, a clinical psychologist, testified that the best course would be community-based treatment with supervision by the appropriate state or federal agencies.
It is our opinion that, based on all the evidence presented, the Order of Certification was not justified and was an abuse of discretion. The provision that permits the juvenile court to waive its exclusive jurisdiction and certify a child to stand trial as an adult contemplates the exceptional case in which the child is not amenable to treatment under the juvenile facilities and programs available to the court. J.T.P., 544 P.2d 1270. E.O. does not present the exceptional case. The order appealed from is therefore REVERSED.
PARKS, P.J., concurs.
BUSSEY, J., dissents.