791 P.2d 97 (1990)
W.C.P., a Delinquent Child, Appellant,
v.
STATE of Oklahoma, Appellee.
No. J-89-1328.
Court of Criminal Appeals of Oklahoma.
April 20, 1990.
As Corrected April 23, 1990.
William R. McKinney, Asst. Public Defender, Juvenile Div., Oklahoma City, for appellant.
Robert H. Macy, Dist. Atty., Jane Johnanningsmeier, Asst. Dist. Atty., Oklahoma City, for appellee.

*98 OPINION
LUMPKIN, Judge:
Appellant, W.C.P. was certified to stand trial as an adult by the juvenile division of the District Court of Oklahoma County for Rape in the First Degree in violation of 21 O.S. 1981, § 1114, Case No. JF-89-1924, Robbery with a Dangerous Weapon in violation of 21 O.S. 1981, § 801, Case No. JF-89-1923, and Concealing Stolen Property in violation of 21 O.S. 1981, § 1713, JF-89-1987. At the time the offenses were committed the Appellant was fifteen (15) years old.
A juvenile may be certified to stand trial as an adult upon two findings by the trial court: First, that there is prosecutive merit to the complaint, that is, a finding that a crime has been committed and probable cause to believe the accused juvenile committed it; and second, that the juvenile is not amenable to rehabilitation within the existing juvenile system. C.J.W. v. State, 732 P.2d 908 (Okl.Cr. 1987); In re E.O., 703 P.2d 192, 193 (Okl.Cr. 1985); 10 O.S. 1981, § 1112. The record reflects that on September 25, 1989, after an offer of proof and stipulation, prosecutive merit was found by the Court in JF-89-1923, JF-89-1924 and JF-89-1987. (O.R. 9, 38, 52). On October 24, 1989, the trial judge certified the Appellant as an adult finding that although he had no prior contact with the juvenile justice system the First Degree Rape, coupled with the robbery, was violent, serious and premeditated; that W.C.P. understood right from wrong but had a lack of empathy for others; and in terms of protecting the public, found the vicious and serious nature of the offense made the possibility of rehabilitation a gamble. (TR 35, 36)
In his sole assignment of error, Appellant claims that the trial court abused its discretion in certifying the juvenile to stand trial as an adult in that there was insufficient evidence to show that the juvenile was not amenable to rehabilitation within the juvenile system. Since Appellant only challenges the finding that he was not amenable to rehabilitation and not the District Court's finding of prosecutive merit, we do not find it necessary to discuss all the facts. However, it must be noted that the record is void of any evidence relating to the commission of the charged offenses. The record reflects only a stipulation that if evidence were presented the court would find prosecutive merit for each charge.
The finding that a child is not amenable for rehabilitation is a discretionary decision to be made by the judge, but the decision must be based on substantial evidence against the child's claim to the benefit of juvenile treatment. In re E.O. 703 P.2d 192, 193 (Okl.Cr. 1985). This Court in Calhoon v. State, 548 P.2d 1037 (Okl.Cr. 1976), reiterated the definition of substantial evidence set forth in Corbin v. United *99 States, 253 F.2d 646, 649 (10th Cir.1958), as follows: (Emphasis added)
Substantial evidence is more than a scintilla. It must do more than create a suspicion of the existence of the fact to be established. We must consider the case as a whole and not piecemeal. The lines of proof must be considered together, not separately. Even if each line of proof taken by itself is of insufficient probative force, the conclusion does not necessarily follow that the proof taken as a whole is insufficient. The lines of proof interweave and support each other.
The pertinent statute is 10 O.S. 1981, § 1112. Section 1112(a) contains a requirement that children be tried for the violation of a state statute or municipal ordinance in a juvenile proceeding, unless the offense is one listed in 10 O.S. 1981, § 1104.2, and the juvenile is sixteen (16) years of age, or the criteria for certification as an adult set forth in Section 1112(b) have been proved and the court enunciates the factors which authorize the juvenile to be certified. Specifically, Section 1112(b) sets forth six factors the trial judge must consider when determining the prospects for reasonable rehabilitation as follows:
1. The seriousness of the alleged offense to the community, and whether the alleged offense was committed in an agressive, violent, premeditated or willful manner;
2. Whether the offense was against person or property, greater weight being given to offenses against persons especially if personal injury resulted;
3. The sophistication and maturity of the juvenile and his capability of distinguishing right from wrong as determined by consideration of his psychological evaluation, home, environmental situation, emotional attitude and pattern of living;
4. The record and previous history of the juvenile, including previous contacts with community agencies, law enforcement agencies, schools, juvenile courts and other jurisdictions, prior periods of probation or prior commitments to juvenile institutions;
5. The prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the juvenile if he is found to have committed the alleged offense, by the use of procedures and facilities currently available to the juvenile court; and
6. Whether the offense occurred while the juvenile was escaping or in an escape status from an institution for delinquent children.
The evidence presented in regard to these factors showed that while the offenses involved are serious, violent, and against a person, they resulted from an impulsive act on the part of the Appellant who has generally internalized the nature of right and wrong and the expectations that society has on his personal behavior; that there are times when the Appellant is overwhelmed by psychosocial distress and acts impulsively; that he is a depressed child who would meet the statutory definition of a child in need of treatment and in need of in-patient mental health treatment; that the Appellant had no previous charges nor any previous contacts with the juvenile justice system; that he appears to have a stable home environment consisting of his natural parents; that his record showed regular attendance at school; and finally that he is amenable to treatment in the juvenile justice system. (TR 6, 7, 10,) (OR 12) Although, the petition is the only document in the record describing the incident, the trial court made a finding that the acts committed were premeditated and vicious. It is true that Dr. Jones, clinical psychologist, testified that the Appellant understood the conception of right and wrong in terms of the expectations that society has of his personal behavior, however, he also stated that Appellant exhibits a type of depression which is apparent while he is in detention, and which appears to have existed prior to this incident. Further, Dr. Jones testified that the Appellant's difficulties appear to be the ability to control his actions, and limited, emotional coping mechanisms; and that he bottles psychosocial distress up and then impulsively acts out these episodes. In addition, when the Doctor was asked by counsel for the Appellant *100 if the juvenile met the criteria set out by the statute as a child in need of treatment, Dr. Jones responded, "Yes." (TR 10) Dr. Jones further testified that the Appellant's level of sophistication and maturity overall is roughly consistent with his chronological age, but that he showed a wide degree of scatter. When questioned on direct examination Dr. Jones stated as follows:
Q. (by Mr. Clover): In your opinion is Mr. Prince amenable to rehabilitation within the juvenile system.
A. (by Dr. Herman Jones): If I were to encompass the mental health services available in addition to those within the juvenile justice system directly, including services that could be rendered via and in need of treatment adjudications, it is my opinion that there is a good chance that his risk for further involvement in negative activity can be impacted, utilizing primarily the mental health provisions before his chronological age would place him outside of the juvenile justice system. (TR 8)
In summary, it was Dr. Jones' opinion that the Appellant was amenable to treatment in the juvenile justice system.
Clearly the district court, in reaching its decision, put a great deal of emphasis on the nature of the offenses. However, the fact that the Appellant is accused of a serious act does not in and of itself answer the question of whether the Appellant is amenable to rehabilitation within the juvenile system. "There is no presumption that a child who has committed a very serious act is not receptive to rehabilitative treatment." See T.C. v. State, 740 P.2d 739 (Okl.Cr. 1987); S.H. v. State, 581 P.2d 916, 917 (Okl.Cr. 1978).
The State cites In the Matter of B.M.R. v. State, 581 P.2d 1322 (Okl.Cr. 1978), and In the Matter of J.A.M. 598 P.2d 1207 (Okl.Cr. 1979), in support of its argument for nonamenability. Both cases can be distinguished from the present case in that the district court In the Matter of B.M.R. found that the seriousness of the offense (robbery with a dangerous weapon), age of the juvenile, poor school attendance, sophistication and maturity, along with the cold and calculated manner in which the offense was planned, were significant considerations which made rehabilitation in the juvenile system seem unlikely. In the present case the juvenile is younger, there was no evidence presented to show that the offense was planned, and the Appellant regularly attended school. Additionally, in In the Matter of J.A.M., the juvenile's age of seventeen (17) years, along with the seriousness of the crime, impacted heavily on the court's decision.
An "abuse of discretion" has been defined by this Court as a clearly erroneous conclusion and judgment, one that is clearly against the logic and effect of the facts presented in support of and against the application. Walker v. State, 780 P.2d 1181 (Okl.Cr. 1989); Stevens v. State, 94 Okl.Cr. 216, 232 P.2d 949, 959 (1951). However, the trial court must first determine if the evidence is sufficient to meet the burden of proof before discretion can be exercised in rendering a decision. The trial court's decision must be determined by the evidence presented on the record, just as our review is limited to the record presented. In the instant case the State had the burden of proving that the Appellant was not amenable to rehabilitation. All of the evidence presented to the trial court revealed the Appellant was amenable to treatment in the juvenile system. The Court, in reaching the ultimate findings in the case, was not required to give exclusive, controlling effect to the testimony of the expert, nevertheless, he was required to weigh the same, along with all the other evidence in the case. See Calhoon at 1042. It is true that the evidence showed that when the child displays a significant psychological dysfunction he becomes a risk for further involvement. However, with proper treatment, which can be obtained in the juvenile system, stabilization of the disorder is possible. The Appellant's age, the fact that he has no prior contacts with the system, his stable home environment, his regular attendance at school, and finally the testimony of the State's own witnesses supports the child's claim of amenability.
*101 The provision that permits the juvenile court to waive its exclusive jurisdiction and certify a child to stand trial as an adult contemplates the exceptional case in which the child is not amenable to treatment under the juvenile facilities and programs available to the court. T.C. v. State, 740 P.2d 739 (Okl.Cr. 1987); J.T.P. v. State, 544 P.2d 1270, 1275 (Okl.Cr. 1975). See In re E.O., 703 P.2d 192, 193 (Okl.Cr. 1985). W.C.P. does not present the exceptional case.
We therefore hold that the District Court's finding of nonamenability to rehabilitation within the juvenile system was not supported by the evidence, and the order of the Juvenile Division of the District Court waiving jurisdiction over the juvenile and certifying him to stand trial as an adult is, accordingly REVERSED and REMANDED to the Juvenile Division for further proceedings.
PARKS, P.J., and BRETT and JOHNSON, JJ., concur.
LANE, V.P.J., specially concurs.
LANE, Judge, specially concurring.
I agree that this matter must be reversed and remanded for further proceedings, because the State of Oklahoma failed to show that the Appellant was not amenable to rehabilitation. It is the available rehabilitation that I wish to address at this time. Dr. Herman Jones testified that Appellant was mentally ill and in need of institutional treatment and Roger Creecy, a social worker for the Department of Human Services, testified that if the appellant were found to be a child in need of treatment in addition to being a delinquent child the department would first treat the mental illness. At the conclusion of that treatment then he would be reevaluated for treatment for the delinquency. Under Oklahoma law it is possible to impose a finding of in need of treatment upon the finding of delinquency. 10 O.S., Supp. 1986 § 1114. Since Dr. Jones' conclusions as to Appellant's rehabilitation are based on institutional treatment for mental health, I suggest that serious consideration be given to amending the Petition in this matter to include allegations that Appellant is a child in need of treatment.