v.

**STATE of Oklahoma, Appellee.**

**No. J–92–382.**

Court of Criminal Appeals of Oklahoma.

Nov. 6, 1992.

Rehearing Denied Dec. 24, 1992.

## ACCELERATED DOCKET ORDER

Appellant was alleged to have committed the act of Murder in the First Degree on or about the sixth day of February, 1992, in Oklahoma County, Oklahoma. The State filed a Motion to Certify Appellant to Stand Trial as an Adult under 10 O.S.1981, § 1112. A hearing was held on April 29, 1992, on both prosecutive merit and certification. The trial court found that based upon the State's evidence there was prosecutive merit to the crime alleged and that there was probable cause to believe that the appellant committed the crime. The trial court further sustained the State's motion to certify appellant as an adult. From this order, appellant appealed to this Court.

The statute governing the certification process, title 10 O.S.1981, § 1112(b) provides the following:

Except as otherwise provided by law, if a child is charged with delinquency as a result of an offense which would be a felony if committed by an adult, the court on its own motion or at the request of the district attorney shall conduct a preliminary hearing to determine whether or not there is prosecutive merit to the complaint. If the court finds that prosecutive merit exists, it shall continue the hearing for a sufficient period of time to conduct an investigation and further hearing to determine the prospects for reasonable rehabilitation of the child if he should be found to have committed the alleged act or omission.

Consideration shall be given to:

1. The seriousness of the alleged offense to the community, and whether the

alleged offense was committed in an aggressive, violent, premeditated or willful manner;

2. Whether the offense was against persons or property, greater weight being given to offenses against persons especially if personal injury resulted;

3. The sophistication and maturity of the juvenile and his capability of distinguishing right from wrong as determined by consideration of his psychological evaluation, home, environmental situation, emotional attitude and pattern of living;

4. The record and previous history of the juvenile, including previous contacts with community agencies, law enforcement agencies, schools, juvenile courts and other jurisdictions, prior periods of probation or prior commitments to juvenile institutions;

5. The prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the juvenile if he is found to have committed the alleged offense, by the use of procedures and facilities currently available to the juvenile court; and

6. Whether the offense occurred while the juvenile was escaping or in an escape status from an institution for delinquent children.

 The record reveals that the hearing judge in the present case put a great deal of emphasis on the nature of the offense in reaching his decision. However, the statute is unequivocal in its requirement that a child cannot be certified to stand trial as an adult without substantial evidence that the child is not amenable to rehabilitation. The transcript of the hearing in the case at bar reveals that the State wholly failed to present evidence that the appellant was not amenable to rehabilitation. All expert witnesses for the State and all lay testimony presented by the State and the defense indicated the appellant to be amenable to treatment. In fact, an expert witness for the State specifically stated that, in his opinion, J.J.W. could be helped within the juvenile justice system. Further, the record is void of evidence showing any prior contacts by the appellant with the juvenile system, community agencies, law enforcement or having disciplinary problems at school.

In adhering to the plain language of section 1112(b), this Court has found that "[t]he finding that a child is not amenable to rehabilitation within the juvenile system is a discretionary decision to be made by the judge, but the decision must be based on substantial evidence against the child's claim to the benefit of juvenile treatment." *M.L.S. v. State*, 805 P.2d 665, 669 (Okl.Cr. 1991). This Court in *Calhoon v. State*, 548 P.2d 1037 (Okl.Cr.1976) reiterated the definition of substantial evidence as set forth in *Corbin v. United States*, 253 F.2d 646, 649 (10th Cir.1958) as follows:

Substantial evidence is more than a scintilla. It must do more than create a suspicion of the existence of the fact to be established. We must consider the case as a whole and not piecemeal. The lines of proof must be considered together, not separately. Even if each line of proof taken by itself is of insufficient probative force, the conclusion does not necessarily follow that the proof taken as a whole is insufficient. The lines of proof interweave and support each other.

In the present case, the State had the burden of proving that the appellant was not amenable to rehabilitation. The record does not reflect even one scintilla of evidence supporting this requirement. Thus, we find that the evidence was not even sufficient to allow the trial judge to exercise his discretion in rendering this decision. *See W.C.P. v. State*, 791 P.2d 97, 100 (Okl.Cr.1990).

In light of the above, and being bound by the dictates of 10 O.S.1981, § 1112(b), we hold that the District Court's decision to certify the appellant as an adult was not supported by the evidence. Therefore, the order of the District Court certifying appellant to stand trial as an adult is accordingly REVERSED and REMANDED to the District Court of Oklahoma County to conduct a delinquency proceeding.

IT IS SO ORDERED.

/s/ James F. Lane
JAMES F. LANE,
Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Vice Presiding Judge

/s/ Ed Parks
ED PARKS,
Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Judge.

## ORDER DENYING PETITION FOR REHEARING AND DIRECTING ISSUANCE OF MANDATE

On November 13, 1992, the appellee in the above styled and numbered cause filed a Petition for Rehearing. The State challenges the decision rendered by this Court on November 6, 1992, stating that we overlooked and contradicted the statutory considerations as set out in 10 O.S.1991, § 1112(b)(1–6). We disagree. The evidence presented to the trial court, and on the record before us, established that the State did not meet its burden in proving that J.J.W. was not amenable to rehabilitation.

Title 10 O.S.1991, § 1112(a) provides that "a child who is charged with having violated any state statute or municipal ordinance other than those enumerated in section 1104.2 of this title, *shall not be tried in a criminal action but in a juvenile proceeding.*" (emphasis added). We interpret this language, in light of the underlying principles expressed in title 10, to mean that if a juvenile offender does not meet the criteria set forth in section 1104.2, that there is a presumption that the child will be tried in a juvenile proceeding. The evidence presented must be considered in accordance with the criteria set forth in section 1112(b) to determine if that presumption has been rebutted sufficiently to warrant certification of the juvenile to be tried as an adult.

■ The plain language of section 1112(b) states that the trial court must (1) determine if there is prosecutive merit to the charges as alleged by the State, and (2) determine whether there are prospects of reasonable rehabilitation of the child. The six considerations that are set out in section 1112(b) are a guide to the trial court in making the determination of whether the juvenile is amenable to rehabilitation and must be reviewed in their totality; one consideration cannot be evaluated in isolation of the others. In order for a juvenile to be certified as an adult, there must be substantial evidence of non-amenability which can be established by balancing the six considerations of section 1112(b).

In the case at hand, this Court did examine the record in light of the six considerations and found that the State did not meet its burden of proving non-amenability on the part of J.J.W. and that the trial court abused its discretion in certifying the child as an adult. The State only presented evidence of the homicidal act. If the State possessed additional evidence regarding acts of the child which would have been relevant to the other factors enumerated in section 1112(b), such as lack of amenability to rehabilitation within the juvenile system, it was not presented to the trial court. This Court is required to adjudicate the issues presented based on the record presented.

■ The State presented evidence of what appears to be an act of murder, without providing the Court with any underlying basis for the offense, nor any evidence which would demonstrate that the child should be treated as an adult for the commission of the offense. The only witness who testified regarding amenability to treatment within the juvenile system was the psychologist, Dr. Jones. His testimony was uncontradicted that J.J.W. was amenable to treatment within the juvenile system. The Certification Study, and the witnesses testifying on behalf of the State, revealed a child with no prior contact with the juvenile authorities or the court system. He had been an honor student without any negative contacts with school authorities. In addition, he resided with his biological family and in the past did not present any discipline problem. While the seriousness of the offense must be considered, it is not the sole determiner of the question of certification to stand trial as an adult.

The trial judge rendered a decision in this case which was in conflict with the evidence and based solely on the seriousness of the offense. That decision cannot be sustained within the statutory require-

ments set forth in section 1112(b). The State must recognize that the decision in this case was dictated by the evidence presented by the State, not by any deviation by this Court from an application of the statutory considerations.

Therefore, having examined the petition for rehearing and being fully advised in the premises, this Court finds that it should be, and the same hereby is DENIED. The Clerk of this Court is directed to issue the mandate forthwith.

IT IS SO ORDERED.

/s/ James F. Lane
JAMES F. LANE, Presiding Judge
/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Vice Presiding Judge
/s/ Ed Parks
ED PARKS, Judge
/s/ Charles A. Johnson
CHARLES A. JOHNSON, Judge