v.

**STATE of Oklahoma, Appellee.**

**No. J–98–1356.**

Court of Criminal Appeals of Oklahoma.

March 16, 1999.

## ACCELERATED DOCKET ORDER

¶1 Appellant, born January 10, 1984, was charged August 10, 1998, as an adult with one count of First Degree Murder in the District Court of Tulsa County, Case No. CF–98–4048. On September 17, 1998, Appellant, by and through counsel, filed a motion for certification as a juvenile·or in the alternative, as a youthful offender. Following a certification hearing November 13, 1998, the Honorable Sarah Day Smith, Special Judge, denied Appellant's motion. Appellant appeals from the denial of her motion for certification as a child or as a youthful offender.

¶2 On appeal Appellant raised three propositions of error:

1. The finding of the Special Judge is contrary to the purpose of the Youthful Offender Act and an abuse of her discretion.

2. The Special Judge erred and abused her discretion in denying the [Appellant's] motion to certify her as a juvenile or as a youthful offender where the juvenile met the criteria, with no evidence to support her remaining in the adult system.

3. The Special Judge erred when she allowed the State to amend their Amended Information after the [Appellant] stipulated without objection to being a youthful offender.

¶3 Pursuant to Rule 11.2(A)(4), *Rules of the Oklahoma Court of Criminal* Appeals, Title 22, Ch.18, App. (1997), this appeal was automatically assigned to the Accelerated Docket of this Court. The propositions were presented to this Court in oral argument February 25, 1999, pursuant to Rule 11.2(F). At the conclusion of oral argument, the parties were advised of the decision of this Court.

■ ¶4 At age. 14.8, years Appellant was presumed to be an adult when she was charged with Murder in the First Degree. *See* 10 O.S.Supp.1997, § 7306–2.5(A). It was, therefore, Appellant's burden to overcome that presumption and to prove she should be certified as either a child or as a youthful offender. *See J.D.P. v. State,* 1999 OK CR 5, ¶6, 989 P.2d 948; *Compare Williams v. State,* 1991 OK CR 28, ¶19, 807 P.2d 271, 275. In this case, the entirety of the evidence presented to the trial court was that, while this was a very serious offense, the public could be protected and that Appellant is amenable to rehabilitation. The State did not present evidence that contradicted those facts. The evidence presented was more than sufficient to rebut the presumption that Appellant should be prosecuted as an adult.

■ ¶5 In cases of this nature, this Court will review for an abuse of discretion by the trial judge. We have previously defined "abuse of discretion" as:

... a clearly erroneous conclusion and judgment, one that is clearly against the logic and effect of the facts presented in support of and against the application.... The trial court's decision must be determined by the evidence presented on the record, just as our review is limited to the record presented.

(citations omitted) *W.C.P. v. State,* 1990 OK CR 24, ¶9, 791 P.2d 97, 100. A determination of abuse of discretion in this type of case must now be considered in light of the purpose of the Youthful Offender Act as delineated by the Oklahoma Legislature.

¶ 6 The statement of policy and purpose of the Youthful Offender Act is set forth in 10 O.S.Supp.1997, § 7306–2.2(B):

It is the purpose of the Youthful Offender Act to better ensure the public safety by holding youths accountable for the commission of serious crimes, while affording courts methods of rehabilitation for those youths the courts determine, at their discretion, may be amenable to such methods. It is the further purpose of the Youthful Offender Act to allow those youthful offenders whom the courts find to be amenable to rehabilitation by the methods prescribed in the Youthful Offender Act to be placed in the custody or under the supervision of the Office of Juvenile Affairs for the purpose of accessing the rehabilitative programs provided by that Office and thereby, upon good conduct and successful completion of such programs, avoid conviction for a crime.

Prior to the passage of the Youthful Offender Act, very few options were presented to district court judges in ruling upon motions for certification. Those options have now been expanded under the Youthful Offender Act and more consideration must be given to the appropriateness of certification utilizing the Youthful Offender Act.

■ ¶ 7 In this case, the juvenile presented more than enough evidence to rebut the presumption of prosecution as an adult for the enumerated offense of Murder in the First Degree. Although the State effectively cross-examined the witnesses presented and gleaned inconsistencies[1] in their testimony, the weight of evidence clearly showed the Appellant in this case was the very type of juvenile for which the Youthful Offender Act was created. The record is void of any evidence she should be treated as an adult in this case.

■ ¶ 8 We recognize trial judges will need time to acclimate to the new procedures of the Youthful Offender Act and its impact on procedures involving juveniles. A finding of abuse of discretion in this case is the first opportunity this Court has had to set out the need for the District Courts to more fully analyze the facts as they relate to certification for youthful offenders when a juvenile has been charged as an adult for the offense of First Degree Murder. While all homicides are against the person and are likely to be committed in an aggressive, violent, premeditated or willful manner, that fact in and of itself will not automatically preclude the ability of the person to be certified as a youthful offender or as a juvenile.

¶ 9 In this case, Appellant was not the shooter and was involved in the homicide in a collateral manner. There were virtually no prior contacts with law enforcement or the juvenile or criminal courts except for the times Appellant was reported as a runaway. The testimony reflects that while Appellant knew right from wrong, she was "emotionally and socially immature". The record is void of any evidence that the public could not be adequately protected if Appellant is processed as a youthful offender and the witnesses testified that there is a likelihood of reasonable rehabilitation of Appellant.

¶ 10 Therefore, based upon this Court's analysis of this case, together with argument presented, we find the decision of the District Court, when viewed in context of the Youthful Offender Act, is an abuse of discretion. The order of the District Court denying Appellant's motion for certification as a youthful offender is **VACATED** and the matter is **REMANDED** to the District Court with instructions that Appellant be treated as a youthful offender.

**IT IS SO ORDERED.**

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Vice Presiding Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Judge

/s/ Charles S. Chapel
CHARLES S. CHAPEL, Judge

/s/ Steve Lile
STEVE LILE, Judge

---

1. A review of the record in this case reveals what inconsistencies were developed upon examination of witnesses related to whether the Appellant should be treated as a youthful offender or as a juvenile.