for the reasons stated in my dissenting opinions in *Deutsche Bank National Trust Co. v. Matthews*, 2012 OK 14, 273 P.3d 43 (Gurich, J., dissenting) and *Bank of America, NA v. Kabba*, 2012 OK 23, 276 P.3d 1006 (Gurich, J., dissenting).[1]

2011 OK CR 25

**A.R.M., Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. J–2011–83.

Court of Criminal Appeals of Oklahoma.

Sept. 8, 2011.

---

Melissa French, Erin Maxwell, Assistant Public Defenders, Oklahoma County Public Defender's Office, Oklahoma City, OK, attorneys for defendant at trial.

Scott Rowland, Jennifer E. Chance, Assistant District Attorneys, Oklahoma County, Oklahoma City, OK, attorneys for the State at trial.

Melissa French Erin, Maxwell Benjamin C. Brown, Assistant Public Defenders, Oklahoma County Public Defender's Office, Oklahoma City, OK, attorneys for appellant on appeal.

Jennifer E. Chance, Julia E. Hartnell, Assistant District Attorneys, Oklahoma County, Oklahoma City, OK, attorneys for appellee on appeal.

### SUMMARY OPINION

A. JOHNSON, Presiding Judge.

¶1 On September 2, 2010, Appellant, A.R.M., was charged as a Youthful Offender with Count 1, Shooting With Intent to Kill and Count 2, Possession of a Firearm in Oklahoma County Case No. CF–2010–5909. Appellant was 16 years, 11 months and 29 days old at the time the offense was committed. On September 9, 2010, the State filed a Motion to Sentence Appellant as an Adult. On November 18, 2010, the State filed an Amended Information, adding Count 3, Conspiracy to Commit a Felony, to the original charges. In an order entered January 28, 2011, the District Court of Oklahoma County, the Honorable Larry Jones, Special Judge, granted the State's motion to sentence Appellant as an adult. From this ruling, A.R.M. appeals.

¶2 A.R.M. raised four propositions of error on appeal:

1. The imposition of the requirement that the rehabilitation program be completed by 18 years and 5 months is contrary to the intent and purpose of the Youthful Offender Act;

2. The delays, caused by the Appellee in completing the preliminary hearing and the hearing on the Motion to Impose an Adult Sentence, violated the Appellant's due process and equal protection rights under the United States and Oklahoma Constitutions;

3. The State failed to present clear and convincing evidence that A.R.M. would not reasonably complete a plan of rehabilitation or that the public would not be adequately protected if he was sentenced as a Youthful Offender; and

4. The court's substitution of its own opinion for the evidence presented at the hearing constituted an abuse of discretion.

Pursuant to Rule 11.2(A)(2), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (2011), this appeal was automatically assigned to the Accelerated Docket of this Court. The propositions and issues were presented to this Court in oral argument on May 12, 2011, pursuant to Rule 11.2(E). At the conclusion of oral argument, the parties were advised of the decision of this Court.

¶3 The District Court's order granting the State's motion to sentence Appellant as an adult is **AFFIRMED.**

■ ¶ 4 In Proposition I, A.R.M. argues that the age limitation requiring the Office of Juvenile Affairs to relinquish custody of youthful offenders once they reach 18 years and 5 months is contrary to the intent and purpose of the Youthful Offender Act. We disagree. The Legislature has clearly expressed its intent as set forth at 10A O.S.Supp.2010, § 2–5–207. While 17 year old offenders are eligible for treatment as youthful offenders, the time span for which treatment is available ends at age 18 years and 5 months. The characterization of that limitation as "arbitrary and ridiculous" notwithstanding, the Legislature's intent could not have been more clear. However distasteful the age limitation might be, we find that the intent of the Legislature, and the purpose of the Youthful Offender Act, can be reconciled. We find no violation of due process or equal protection, and therefore determine A.R.M.'s first proposition to be without merit.

¶ 5 Proposition II likewise affords no relief in this instance. We find no unnecessary delay in the procedures which brought A.R.M. to this point in his criminal prosecution.

¶ 6 A.R.M. alleges at Proposition III that the State failed to meet its burden to show by clear and convincing evidence that he would not reasonably complete a plan of rehabilitation or that the public would not be adequately protected if he was treated as a youthful offender. Proposition IV claims that the trial court substituted its own opinion for the evidence presented at the hearing, resulting in a decision contrary to the law and facts of the case constituting an abuse of discretion.

■ ¶ 7 The question before this Court is whether the trial court abused its discretion in granting the State's motion to sentence A.R.M. as an adult.

An "abuse of discretion" has been defined by this Court as a clearly erroneous conclusion and judgment, one that is clearly against the logic and effect of the facts presented in support of and against the application.... The trial court's decision must be determined by the evidence presented on the record, just as our review is limited to the record presented.

*W.C.P. v. State,* 1990 OK CR 24, ¶ 9, 791 P.2d 97, 100. *Accord, C.L.F. v. State,* 1999 OK CR 12, ¶ 5, 989 P.2d 945, 946. A.R.M. has not shown that the District Court abused its discretion in granting the State's motion.

¶ 8 For imposition of an adult sentence, 10A O.S.Supp.2010, § 2–5–208(D), requires the District Court to find "by clear and convincing evidence that there is good cause to believe that the accused person would not reasonably complete a plan of rehabilitation *or* that the public would not be adequately protected if the person were to be sentenced as a youthful offender" (emphasis added). In making this decision, the court is directed to consider seven factors, with the *greatest* weight being given to the first three factors which are (a) whether the offense was committed in an aggressive, violent, premeditated or willful manner; (b) whether the offense was against persons and, if personal injury resulted, the degree of injury; and (c) the record and past history of the accused, including any prior contacts with law enforcement, the juvenile or criminal courts, and prior commitments to juvenile institutions. *Id.* The remaining factors to be considered are the sophistication and maturity of the offender, the prospects for adequate protection of the public if the person is treated as a youthful offender, the reasonable likelihood of rehabilitation using the procedures and facilities currently available to the juvenile court, and whether the accused was on escape status at the time of the offense. *Id.*

¶ 9 A.R.M. had no prior contacts with law enforcement and his only troubling history consisted of school suspensions, one of which was the result of allegedly making a death threat to a teacher. The last criteria, escape status, was not applicable in A.R.M.'s case. That being said, the remaining five criteria have to be examined, with the greatest weight being given to the aggressive, violent, premeditated nature of the offense, and the injury to the victim.

¶ 10 The hearing testimony from the three experts was fairly consistent. All three considered A.R.M. a good candidate for rehabilitation, although none of them opined that he could be rehabilitated before the 18 year, 5

month treatment cutoff date. Additionally, there was some disparity as to how long treatment should continue in A.R.M.'s case. Despite this finding, all of the experts agreed that A.R.M. was extremely sophisticated and more than capable of distinguishing right from wrong. Judge Jones took all of those opinions into consideration, but found that the likelihood of meaningful rehabilitation was outweighed by the seriousness of the offense committed, the manner in which the offense was planned and concealed, and the resulting injury perpetrated against a uniformed police officer.

¶ 11 The record reveals that in a matter of minutes, A.R.M., his older brother Hector and their mother all conspired to extricate their father and husband from police custody by shooting a uniformed police officer. The parties accessed a gun hidden in the house, and one of the young men attacked Officer Katie Lawson in the alley behind the home, shooting her six times, while A.R.M.'s brother remained inside the house, and their mother stood on the front lawn feigning ignorance. But for her bulletproof vest, Officer Lawson would have been killed that evening. Testimony at the hearing established that of the three participants in this crime, A.R.M., the youngest, was also the most sophisticated. He told his mother and brother (now his co-defendants) to stop talking while the three were in the police vehicle awaiting transportation because they were being recorded; he told them both to request legal representation; and he told his brother not to speak until he actually appeared in court. Later, while being detained at the police station, A.R.M. and Hector communicated through the interrogation room walls, in Spanish, conspiring with each other to tell the police a consistent story. A.R.M. tried to wipe gunshot residue from his hands after Hector asked if he had washed his hands after the shooting, and his brother told A.R.M. to tell police that he, Hector, was the shooter.

¶ 12 Giving the most weight to the violent nature of the crime, and the egregious injuries suffered by Officer Lawson, coupled with A.R.M.'s level of sophistication, Judge Jones found that the public could not reasonably be protected if A.R.M. was treated as a youthful offender within the time remaining for rehabilitation. Based on these facts, we find no abuse of discretion here. We find no support in this record for the claim that Judge Jones substituted his opinion for that of the experts. Rather, the district court followed the statutory directive, which required that he weigh all of the specified criteria. In so doing, Judge Jones found merit in the State's motion and granted the same.

¶ 13 We find no merit in A.R.M.'s claim that the trial court abused its discretion by ordering him to be sentenced as an adult. The order of the District Court granting the State's motion to sentence A.R.M. as an adult is **AFFIRMED**.

### DECISION

¶ 14 The order of the District Court of Oklahoma County granting the State's Motion to Sentence Appellant as an Adult in Oklahoma County Case No. CF–2010–5909 is **AFFIRMED**. Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2011), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

C. JOHNSON, J.: concur in results.

LEWIS, V.P.J., LUMPKIN and SMITH, JJ.: concur.