J.T.A. v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:J.T.A. v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 J.T.A. v. STATE
2018 OK CR 12
Case Number: J-2018-13
Decided: 05/24/2018
J.T.A., Appellant v. THE STATE OF OKLAHOMA, Appellee.
Cite as: 2018 OK CR 12, __ __

 

 



SUMMARY OPINION




Lumpkin, Presiding Judge:


¶1 Appellant, J.T.A., is charged pursuant to the Youthful Offender Act with Count 1 - Robbery With a Dangerous Weapon, Count 2 - Robbery With a Dangerous Weapon, Count 3 - Conjoint Robbery, Count 4 - Conjoint Robbery, and Count 5 - Robbery First Degree, and/or in the alternative Conjoint Robbery in Tulsa County District Court Case No. YO-2017-30. On September 19, 2017, the State filed a motion to sentence Appellant as an adult. The motion was heard on December 19, 2017. The Honorable James Caputo, District Judge, granted the State's motion to sentence Appellant as an adult. From this Judgment, Appellant appeals, raising one proposition of error:



The District Court abused its discretion by granting the State's motion to impose an adult sentence when the State did not prove by clear and convincing evidence that there was good cause to believe that Appellant would not reasonably complete a plan of rehabilitation and that the public would not be adequately protected if Appellant were to be sentenced as a Youthful Offender.



¶2 Pursuant to Rule 11.2(A)(2), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2018), this appeal was automatically assigned to this Court's Accelerated Docket. The propositions or issues were presented to this Court in oral argument April 5, 2018, pursuant to Rule 11.2(E). Rule 11.2(E), Rules, supra. At the conclusion of oral argument, the parties were advised of the decision of this Court.

¶3 The District Court's order granting the State's motion to sentence Appellant as an adult is REVERSED and this case is REMANDED to the District Court of Tulsa County with instructions Appellant be treated and sentenced as a Youthful Offender.

¶4 Appellant was allegedly involved in a series of convenience store robberies taking place between June 22, 2016, and June 18, 2017. No evidence regarding the specifics of these crimes was introduced at the December 19, 2017, hearing on the State's motion. The only evidence received by the trial court at this hearing was the unsworn statement of Appellant's Office of Juvenile Affairs (OJA) caseworker Sarah Havenstrite and the sworn testimony of Appellant. At the conclusion of this hearing Judge Caputo ruled in favor of the State. On December 28, 2017, by agreement of the parties, the hearing had to be reopened for the limited purposes of allowing the State to introduce the OJA Psychological Evaluation and OJA Youthful Offender Study into evidence.[1] The trial court filed its written order granting the State's motion on December 28, 2017.

¶5 The Psychological Evaluation does not discuss the details of Appellant's alleged crimes.[2] Appellant's Psychological Evaluation states the Youthful Offender system could rehabilitate Appellant but for his age. Due to the eighteen year and five month age cutoff the Psychological Evaluation concludes Appellant could not complete a treatment program. See 10A O.S.2011, § 2-5-207. The Youthful Offender Study, prepared by Ms. Havenstrite, describes Appellant's amenability to treatment as "unknown."[3] However, at the motion hearing Ms. Havenstrite stated her belief Appellant could be rehabilitated within the approximately one year of remaining treatment eligibility. Neither trial counsel, nor the trial court, questioned Ms. Havenstrite regarding the inconsistencies between her Youthful Offender Study and her in-court statements made at the motion hearing.

¶6 The Psychological Evaluation, Youthful Offender Study, and Ms. Havenstrite's statements at the motion hearing contain no specifics as to an appropriate plan of treatment unique to Appellant. All three include comments regarding types of treatment that might benefit Appellant but none reduced these concepts to a treatment plan designed specifically to meet Appellant's needs. Appellate Youthful Offender proceedings require this Court to determine if the trial court has abused its discretion when ruling upon various Youthful Offender issues. Judge Caputo was required to determine whether the State presented clear and convincing evidence that there was good cause to believe Appellant would not reasonably complete a plan of rehabilitation. See 10A O.S.2011, § 2-5-208(D), (E). There was no evidence presented to the trial court outlining a treatment plan for Appellant based on his specific needs or the current availability of such treatment within the Youthful Offender system.

¶7 In the overwhelming majority of Youthful Offender cases, the evidence presented at hearings fails to detail with specificity a treatment plan tailored to a particular appellant, and to advise the trial court of the availability of such treatment. This Court has repeatedly seen general statements regarding treatment options relied upon in Youthful Offender cases presented for appellate review. This practice makes it difficult for the parties to argue their respective positions and provides scant guidance to the trial court which is then required to make detailed decisions relying on minimal, generic information. 10A O.S.2011, § 2-5-208(D). This Court must then struggle to adequately review these decisions on appeal. Id. For the trial court, and in turn this Court, to be able to make a reasoned decision both need more than bald assertions regarding a Youthful Offender's ability to complete a generic treatment plan. In order to better review these cases, trial courts and this Court need more specific information regarding the actual treatment plan and if the Youthful Offender can reasonably complete the plan. These general recommendations make it difficult for trial courts to make detailed and thorough findings of fact and in turn for this Court to provide adequate appellate review. Id.

¶8 At the conclusion of the December 19, 2017, hearing Judge Caputo made the following oral findings:



Well, as I look at the criteria and as I look at the reports, I just don't see it. I don't see this or anybody that has this kind of history can make that kind of progress in less than a year.

I also look at the types of crimes and the frequency of those crimes, and I -- I can't grant OJA status on this gentleman. I'm going to grant the motion to sentence the Youthful Offender as an adult. I just - all things considered, I don't see that I can do that in good conscience. And to protect the public and to hold this Defendant fully accountable for his actions.

I don't know what the sentence might be at this point in time, but I just don't see that the Youthful Offender is going to be appropriate in this case. So I'm going to grant the motion at this time.



On December 28, 2017, Judge Caputo filed his written findings of fact and conclusions of law which stated in relevant part "[a]fter hearing arguments and examining the file herein, the Court finds that the State's motion shall be granted."

¶9 The requirements for Judge Caputo's findings in this case are established by 10A O.S.2011, § 2-5-208(D) which in part requires the following:



.In its decision on the motion of the state for imposition of an adult sentence, the court shall detail findings of fact and conclusions of law to each of the considerations in subsection C of this section and shall state that the court has considered each of its guidelines in reaching its decision. (emphasis added)



10A O.S.2011, § 2-5-208(D). Even taken together, Judge Caputo's oral findings and written order are insufficient to advise this Court regarding what evidence Judge Caputo relied upon in making his decision. It is unclear how his conclusions and judgments relate to the minimal evidence presented in this case.

¶10 The standard of review before this Court is whether the trial court abused its discretion in granting the State's motion to sentence Appellant as an adult. A.R.M. v. State, 2011 OK CR 25, ¶ 7, 279 P.3d 797, 799; W.C.P. v. State, 1990 OK CR 24, ¶ 9, 791 P.2d 97, 100; C.L.F. v. State, 1999 OK CR 12, ¶ 5, 989 P.2d 945, 946. To wit:



An "abuse of discretion" has been defined by this Court as a clearly erroneous conclusion and judgment, one that is clearly against the logic and effect of the facts presented in support of and against the application. . . . . The trial court's decision must be determined by the evidence presented on the record, just as our review is limited to the record presented.



Id.

¶11 As this Court noted in G.G. v. State, 1999 OK CR 7, ¶ 12, 989 P.2d 936:



The [Youthful Offender] Act creates a presumption that a youthful offender who is tried and found guilty, shall be sentenced as a Youthful Offender. However, Section 7306-2.8[2-5-208] creates an exception to the presumption by providing a vehicle for the State to have a Youthful Offender sentenced as an adult. For the State to succeed, the burden is upon the State to prove by "clear and convincing evidence" that either (1) there is good cause to believe that the accused person would not reasonably complete a plan of rehabilitation or (2) the public would not be adequately protected if the person were to be sentenced as a youthful offender.



We do not find the State provided evidence sufficient to meet its clear and convincing burden to show Appellant should be sentenced as an adult. The State did not present sufficient evidence to overcome the presumption Appellant should be sentenced as a Youthful Offender. Id; 10A O.S.2011, § 2-5-209(B)(1). Based on the insufficient evidence presented on the record at the hearing on the State's motion to sentence Appellant as an adult and the trial court's insufficient findings of fact and conclusions of law, we find the trial court's order is clearly against the logic and effect of the facts presented in support of and against this application.

DECISION

¶12 By a five to zero vote, the District Court's December 28, 2017, order, granting the State's motion to sentence Appellant as an adult, is REVERSED. This matter is REMANDED to the District Court of Tulsa County with instructions to treat and sentence Appellant as a Youthful Offender.

¶13 Pursuant to Rule 3.15, Rules, supra, the MANDATE is ORDERED issued upon the filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY
THE HONORABLE JAMES CAPUTO, DISTRICT JUDGE


 
 
 
 APPEARANCES AT TRIAL
 
 
 APPEARANCES ON APPEAL
 
 
 
 
 
 
 
 
 
 
 
 
 ALEX BRAMBLETT
 
 
 RICHARD COUCH
 
 
 
 
 ASSISTANT PUBLIC DEFENDER
 
 
 ASSISTANT PUBLIC DEFENDER
 
 
 
 
 423 SOUTH BOULDER AVENUE
 
 
 423 SOUTH BOULDER AVENUE
 
 
 
 
 TULSA, OKLAHOMA 73103
 
 
 TULSA, OKLAHOMA 73103
 
 
 
 
 COUNSEL FOR APPELLANT
 
 
 COUNSEL FOR APPELLANT
 
 
 
 
 
 
 
 
 
 
 
 
 JAMES PFEFFER
 
 
 MARK MORGAN
 
 
 
 
 ASSISTANT DISTRICT ATTORNEY
 
 
 ASSISTANT DISTRICT ATTORNEY
 
 
 
 
 500 SOUTH BOULDER AVENUE
 
 
 500 SOUTH BOULDER AVENUE
 
 
 
 
 TULSA, OKLAHOMA 74103
 
 
 TULSA, OKLAHOMA 74103
 
 
 
 
 COUNSEL FOR THE STATE
 
 
 COUNSEL FOR THE STATE
 
 
 

 


FOOTNOTES


[1] Exhibit 1 was the Office of Juvenile Affairs Youthful Offender Study and Exhibit 2 was the Office of Juvenile Affairs Psychological Evaluation.



[2] There is no mention in the OJA Psychological Evaluation regarding whether it was prepared with the assumption Appellant committed the crimes charged in this case.



[3] Ms. Havenstrite stated in the OJA Youthful Offender Study she had prepared the report operating on the assumption Appellant committed the crimes as charged.




 


 



LEWIS, VICE PRESIDING JUDGE, CONCURRING IN RESULTS:


¶1 This is a straight forward case. The State had the burden of proving by clear and convincing evidence either (1) there is good cause to believe that the accused person would not reasonably complete a plan of rehabilitation, or (2) the public would not be adequately protected if the person were to be sentenced as a youthful offender. The question in this case is whether there was an abuse of discretion by the lower court. The record in this matter shows (1) Appellant is amenable to treatment, and (2) he would not be a threat to the public in O.J.A. custody. This matter should be reversed and remanded.


 


 



HUDSON, J., CONCUR IN RESULTS:


¶1 I concur in the results of today's decision because the State simply did not meet its burden to show Appellant should be sentenced as an adult. Tragically, we are stuck with the record presented on appeal.


 







 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1990 OK CR 24, 791 P.2d 97, W.C.P. v. STATE
Discussed
 2011 OK CR 25, 279 P.3d 797, A.R.M. v. STATE
Discussed
 1999 OK CR 7, 989 P.2d 936, 70 OBJ 792, G. G. v. State
Discussed
 1999 OK CR 12, 989 P.2d 945, 70 OBJ 946, C.L.F. v. State
Discussed
Title 10A. Children and Juvenile Code
 Cite
Name
Level

 10A O.S. 2-5-208, Motion for Imposition of Adult Sentence - Hearing - Investigation - Considerations - Proof - Effect of Certification
Discussed at Length


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA