STATE v. J.B.
2022 OK CR 18
Case Number: JS-2022-127
Decided: 08/25/2022
THE STATE OF OKLAHOMA, Appellant v. J.B., Appellee
Cite as: 2022 OK CR 18, __ __

 

 

O P I N I O N

HUDSON, VICE PRESIDING JUDGE:

¶1 Appellee, J.B., was charged pursuant to the Youthful Offender Act21 O.S.2011, § 701.821 O.S.2011, § 652

¶2 On August 4, 2021, the State filed a Motion for Imposition of an Adult Sentence. The motion was heard and denied on January 31, 2022, by the Honorable Lydia Green, Special Judge, in an order which the State now appeals.

¶3 In seeking reversal of Judge Green's denial of its motion to impose an adult sentence pursuant to 10A O.S.Supp.2018, § 2-5-208(E), the State raises one proposition of error:

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE STATE'S MOTION TO IMPOSE ADULT CERTIFICATION AS THE STATE PRESENTED BY CLEAR AND CONVINCING EVIDENCE THAT APPELLEE SHOULD BE SENTENCED AS AN ADULT. THE TRIAL COURT IMPROPERLY WEIGHED THE SEVEN ENUMERATED FACTORS IN SECTION 2-5-208 OF 10A OF THE OKLAHOMA STATUES, OR IN THE ALTERNATIVE, IMPROPERLY CONSIDERED FACTORS OUTSIDE OF THE ENUMERATED ONES IN SECTION 2-5-208 OF TITLE 10A OF THE OKLAHOMA STATUTES.

¶4 Pursuant to Rule 11.2, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2022), this appeal was automatically assigned to this Court's accelerated docket and heard in oral argument on May 12, 2022. At the conclusion of that argument, the parties were advised of this Court's decision. The trial court's order denying the State's motion to certify J.B. as eligible to be sentenced as an adult is REVERSED and this case is REMANDED to the District Court of Oklahoma County.

¶5 On July 6, 2021, Cameron Shores was speaking with his mother, Dalma Shores, and his friend, Adam Rouse, in an apartment complex parking lot when a car driven by Appellee pulled up and Appellee and his passenger got out and began threatening them. Appellee and his passenger, Latrell Davis, exited the vehicle and Appellee began shooting at Mr. Shores and Mr. Rouse.

¶6 A psychologist and a juvenile justice specialist testified at the hearing on the State's motion to impose an adult sentence. They stated that with the treatment resources available it was possible to rehabilitate J.B. but that due to his significant barriers to treatment estimated his amenability to treatment to be fair. According to their testimony, the necessary treatment program would last approximately twenty-one months. At the time of the hearing before Judge Green, there was approximately seven months available to treat J.B. before he aged out of OJA custody. See 10A O.S.Supp.2021, § 2-5-209.

¶7 Prosecutors who believe that an accused youthful offender "would not reasonably complete a plan of rehabilitation or the public would not be adequately protected if the person were to be sentenced as a youthful offender, and should receive an adult sentence" are required to file a pre-trial motion seeking the imposition of an adult sentence. 10A O.S.Supp.2018, § 2-5-208(A). The trial court is required to hold a hearing and grant the motion if the record and evidence prove "by clear and convincing evidence that there is good cause to believe that the accused person would not reasonably complete a plan of rehabilitation or that the public would not be adequately protected if the person were to be sentenced as a youthful offender." 10A O.S.Supp.2018, § 2-5-208(D). "Whether or not the proof is sufficient lies within the discretion of the magistrate; and on appeal, the magistrate's ruling will not be disturbed absent an abuse of discretion." T.G.L. v. State, 2015 OK CR 4344 P.3d 1098J.D.P. v. State, 1999 OK CR 5989 P.2d 948

An "abuse of discretion" has been defined by this Court as a clearly erroneous conclusion and judgment, one that is clearly against the logic and effect of the facts presented in support of and against the application. . . . . The trial court's decision must be determined by the evidence presented on the record, just as our review is limited to the record presented.

A.R.M. v. State, 2011 OK CR 25279 P.3d 797 W.C.P. v. State, 1990 OK CR 24791 P.2d 97accord C.L.F. v. State, 1999 OK CR 12989 P.2d 945

¶8 In making its determination, the trial court is to consider seven statutory factors enumerated in Section 2-5-208(C)(2), placing the greatest weight upon the first three of these factors, which are:

a. whether the offense was committed in an aggressive, violent, premeditated or willful manner;

b. whether the offense was against persons and, if personal injury resulted, the degree of injury;

c. the record and past history of the accused person, including previous contacts with law enforcement agencies and juvenile or criminal courts, prior periods of probation and commitments to juvenile institutions.

Then the trial court is directed to apply the overarching criteria found in Section 2-5-208(D) as follows:

After the hearing and consideration of the report of the investigation, the court shall certify the person as eligible for the imposition of an adult sentence only if it finds by clear and convincing evidence that there is good cause to believe that the accused person would not reasonably complete a plan of rehabilitation or that the public would not be adequately protected if the person were to be sentenced as a youthful offender.

¶9 The evidence before this Court clearly indicates that the State carried its statutory burden and that its motion should have been granted. As required by Section 2-5-208(D), Judge Green specifically determined and included in her order that J.B. "would not reasonably complete a plan of rehabilitation prior to [the trial court] losing jurisdiction." Given the circumstances here, this finding alone entitled the State to have its motion granted. Moreover, the evidence was that without treatment the public would not be adequately protected if J.B. is sentenced as a youthful offender. Despite this, Judge Green ruled erroneously that the public would be adequately protected if J.B. were sentenced as a youthful offender. As a result, the State has established that Judge Green's decision was clearly against the logic and effect of the facts and law presented, and was thus an abuse of discretion. A.R.M., 2011 OK CR 25

¶10 In this appeal J.B.'s defense of Judge Green's order rests on K.M.C. v. State, 2009 OK CR 29221 P.3d 735K.M.C., where we reversed a trial court order granting a motion to impose an adult sentence pursuant to Section 2-5-208. In K.M.C. we held that "this Court will not affirm orders granting motions to sentence youthful offenders as adults when the primary evidence and the only reasoning used to support the order is the age of the youthful offender." K.M.C., 2009 OK CR 29

¶11 The outcome in K.M.C. was due, in part, to the Legislature's statement of intent as expressed in the 2009 version of Section 2-5-207:

No older youth should be deemed ineligible or denied consideration as a youthful offender who is otherwise lawfully eligible based upon the age of the youth being seventeen (17) years. To deny access to an otherwise eligible older youth without cause is to circumvent the original intent of the Legislature in creating the Youthful Offender Act.

10A O.S.Supp.2009, § 2-5-207.

¶12 Following K.M.C., Section 2-5-207 was amended by the 2010 Oklahoma Legislature as follows:

It is the intent of the Legislature to fully utilize the Youthful Offender Act as a means to protect the public while rehabilitating and holding youth accountable for serious crimes. The Legislature finds that eligible seventeen-year-olds should have the opportunity to be processed as youthful offenders as provided by law and held accountable through the various provisions of the Youthful Offender Act for custody, institutional placement, supervision, extended jurisdiction within the Office of Juvenile Affairs, and the ability to transfer youthful offenders to the Department of Corrections when incarceration or additional supervision is required beyond the maximum age allowed in the Office of Juvenile Affairs. No older youth should be deemed ineligible or denied consideration as a youthful offender who is otherwise lawfully eligible based upon the age of the youth being seventeen (17) years, but it is the intent of the Legislature that such youthful offender shall not remain in the custody or under the supervision of the Office of Juvenile Affairs beyond the youthful offender's maximum age of eighteen (18) years and five (5) months. To deny access to an otherwise eligible older youth without cause is to circumvent the original intent of the Legislature in creating the Youthful Offender Act.

10A O.S.Supp.2010, § 2-5-207 (emphasis added). Following the 2010 amendment, Section 2-5-207 mandated that once a youthful offender reaches the age of eighteen years and five months they are no longer eligible for OJA services.A.R.M.:

The Legislature has clearly expressed its intent as set forth at 10A O.S.Supp.2010, § 2--5--207. While 17 year old offenders are eligible for treatment as youthful offenders, the time span for which treatment is available ends at age 18 years and 5 months. The characterization of that limitation as "arbitrary and ridiculous" notwithstanding, the Legislature's intent could not have been more clear. However distasteful the age limitation might be, we find that the intent of the Legislature, and the purpose of the Youthful Offender Act, can be reconciled. We find no violation of due process or equal protection, and therefore determine A.R.M.'s first proposition

A.R.M., 2011 OK CR 25

¶13 A.R.M. was handed down two years after K.M.C. and after the Legislature revised its statement of intent. In A.R.M., we affirmed the trial court's grant of a motion to impose an adult sentence based on the defendant's inability to complete treatment. Id. Similar to Appellee's case, experts in A.R.M. testified he was a good candidate for rehabilitation but they were not sure he could complete the necessary youthful offender rehabilitation based on his limited amount of time remaining in OJA custody. A.R.M., 2011 OK CR 25A.R.M. weighed evidence as required by Section 2-5-208(D). The trial court in A.R.M. decided that despite the testimony that A.R.M. would benefit from treatment, "the public could not reasonably be protected if A.R.M. was treated as a youthful offender within the time remaining for rehabilitation." A.R.M., 2011 OK CR 25A.R.M. 

¶14 In effect, without mentioning it, A.R.M. overruled K.M.C. by allowing motions to impose adult sentencing to be based on an inadequate protection of the public because the youthful offender was too old to complete OJA treatment. Following the 2010 amendment to Section 2-5-207 and the above analysis in A.R.M., this Court has repeatedly found that it is relevant whether a youthful offender can "reasonably complete a plan of rehabilitation" and that this determination has direct if not dispositive impact when determining whether "the public would not be adequately protected if the person were to be sentenced as a youthful offender." 10A O.S.Supp.2018, § 2-5-208(D); A.R.M., 2011 OK CR 25

¶15 We have followed the reasoning found in A.R.M. for over a decade when deciding appeals from trial court decisions on motions to impose adult sentencing. While we cannot consider age alone pursuant to Section 2-5-207, age is a factor in our determinations pursuant to Section 2-5-208 of whether the youthful offender can complete a plan or whether the public is adequately protected. As such, trial courts must consider it as a factor in making such determinations. To the extent K.M.C. is inconsistent with this opinion, K.M.C. v. State, 2009 OK CR 29221 P.3d 735 is overruled.

DECISION

¶16 The trial court's Order Denying the State's Motion for Imposition of an Adult Sentence filed in the trial court on January 31, 2022, is REVERSED. This matter is REMANDED to the District Court of Oklahoma County with instructions to enter an order granting the State's Motion for Imposition of an Adult Sentence. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2022), the MANDATE is ORDERED issued upon the filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF OKLAHOMA COUNTY, THE HONORABLE LYDIA GREEN, SPECIAL JUDGE

 
 
 
 APPEARANCES AT TRIAL

 JACOB BENEDICT
 ASSISTANT PUBLIC DEFENDER
 320 ROBERT S. KERR AVE.,
 SUITE 400
 OKLAHOMA CITY, OK 73102
 COUNSEL FOR J.B.

 ANNE MULDER
 ASST. DISTRICT ATTORNEY
 5905 N. CLASSEN CRT.,
 SUITE 301
 OKLAHOMA CITY, OK 73118
 COUNSEL FOR THE STATE
 
 
 APPEARANCES ON APPEAL

 JACOB BENEDICT
 ASSISTANT PUBLIC DEFENDER
 320 ROBERT S. KERR AVE., SUITE 400
 OKLAHOMA CITY, OK 73102
 COUNSEL FOR J.B.

 ANNE MULDER
 ASST. DISTRICT ATTORNEY
 5905 N. CLASSEN CRT.,
 SUITE 301
 OKLAHOMA CITY, OK 73118
 COUNSEL FOR THE STATE
 
 
 

 

OPINION BY: HUDSON, V.P.J.
ROWLAND, P.J.: CONCUR
LUMPKIN, J.: SPECIAL CONCUR
LEWIS, J.: CONCUR
MUSSEMAN, J.: CONCUR

FOOTNOTES

See 10A O.S.Supp.2018, §§ 2-5-207, 2-5-209.

 

 

LUMPKIN, JUDGE: SPECIAL CONCUR:

¶1 I compliment the Court in its well-reasoned opinion clarifying our past opinions and applying the Legislative intent to this very complicated issue. Overruling K.M.C. v. State, 2009 OK CR 29, 221 P.3d 735. further helps to clarify the correct application of the statutory scheme.

¶2 Decisions in relation to the future of a young person are some of the hardest and most agonizing a trial judge is required to make. There is no real assurance that any decision will prove successful when attempting to predict how a particular adolescent will respond to treatment opportunities provided to him/her. However common sense must be a part of the decision process.

¶3 Regardless of the age set by the Legislature for a young person to "age out" of a program created for treatment there will always be a case where the argument will be presented that a particular youth could receive favorable treatment if just given more time. But, there must always be a cutoff date and that cutoff date must be a part of the calculus a judge applies in deciding if that particular person has the potential to respond to the treatment provided. Psychologists and juvenile case workers can never provide certainty in their recommendations. Psychology is really more of an art form than a science due to the fact that the nature of humanity is complex and is not like a scientific experiment that can be replicated in a laboratory. A human skull can't be opened and a new brain housing inserted to replace the old thought process or values. The hope in treatment plans is that a particular young person will respond to positive influences. For this to occur the person has to want to change. When a judge is confronted with an age issue, as in this case and there is just no time even under the optimal set of circumstances to complete the treatment plan; the judge must apply the law with common sense recognizing the protection of the public must be ensured.

¶4 This opinion will provide judges with the guidance to deal with the realities of the hard choices they must make when presented with older adolescents who present the potential of harm to the public.